DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
KATHARINE E. ZOLADZ, Cal. Bar No. 254867
Email: zoladzk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> IMAGING3, INC. and DEAN NORMAN JANES, <br><br> Defendants. | Case No. CV13-4616-GAF (AJWx) <br><br> **CONSENT OF DEFENDANTS IMAGING3, INC. AND DEAN NORMAN JANES TO ENTRY OF JUDGMENT** |

1. Defendants Imaging3, Inc. ("Imaging3") and Dean Norman Janes ("Janes") (together, "Defendants") acknowledge having been served with the complaint in this action, enter general appearances, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant Janes from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder;

    (b) bars Defendant Janes from serving as an officer or director of a public company for a period of five years following the date of entry of the Judgment, pursuant to Section 21(d)(2) of the Exchange Act; and

    (c) orders Defendant Janes to pay a civil penalty in an amount to be determined by the Court pursuant to Section 21(d)(3) of the Exchange Act.

3. Defendant Janes agrees that the Court shall order a civil penalty pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant Janes further agrees that the amounts of the civil penalty shall be determined by the Court upon motion of the Securities and Exchange Commission ("SEC"). Defendant Janes further agrees that in connection with the SEC's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant Janes will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Janes may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits,

declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

    4.    Defendant Janes agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant Janes pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Janes further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant Janes pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

    5.    Defendant Imaging3 has implemented self-remediation policies: (i) that it will promptly post complete copies of correspondence with the U.S. Food and Drug Administration on Imaging3's website and/or in a Form 8-K (subject to redaction of proprietary information) prior to commenting on or discussing such correspondence with investors; (ii) that all conference calls with Imaging3 shareholders will be scripted and the scripts reviewed in advance by at least one member of Imaging3's board of directors, one senior officer of Imaging3, and Imaging3's outside counsel, and that the scripts will be posted on Imaging3's website; (iii) that all press releases will be reviewed in advance by at least one member of Imaging3's board of directors, one senior officer of Imaging3, and Imaging3's outside counsel; (iv) that Imaging3's board of directors will perform a quarterly review of Imaging3's policies and procedures regarding communications with shareholders and propose new policies or take other action as necessary to

ensure that Imaging3's communications with shareholders are in compliance with the federal securities laws; and (v) that all existing officers and directors of Imaging3, and all persons who become officers or directors in the future, are required to participate in a training session with Imaging3's outside counsel regarding compliance with federal securities laws. Defendant Imaging3 agrees that it is obligated to continue the self-remediation policies identified above for a period of three years from the date of entry of the Judgment.

6. Defendant Imaging3 undertakes to: (i) provide written notification to the SEC, within five days, if it has been charged or convicted of an offense by any federal, state, or local law enforcement organization or regulatory agency; and (ii) provide written notification to the SEC, within five days, if a formal or informal complaint has been made against it or disciplinary action has been taken against it by any self-regulatory organization.

7. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

9. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Defendants to enter into this Consent.

10. Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

11. Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

12. Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute

notice to Defendant of its terms and conditions. Defendants further agree to provide counsel for the SEC, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Judgment.

13. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the SEC based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

14. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of

Defendants' agreement to comply with the terms of Section 202.5(e). Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If either Defendant breaches this agreement, the SEC may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

       15. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a

1  good faith settlement.

2      16.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants Janes and Imaging3 (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

17.    Defendants agree that the SEC may present the Judgment to the Court for signature and entry without further notice.

18.    Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: July 24, 2014

_____
Dean Norman Janes

On July 24, 2014, Dean Norman Janes, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 9/23/17



REBECCA MULLINS
Commission # 2042665
Notary Public - California
Los Angeles County
My Comm. Expires Sep 23, 2017

|   |   |
|---|---|
| Dated: July 24/2014 | Imaging3, Inc.<br>By: _____<br>[Name of person signing for entity]<br>[Title] Chairman/CEO<br>[Address] 3200 Valhalla Dr<br>Burbank, CA 91505 |

On July 24, 2014, Dane Medley, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Imaging3 Inc as its Chairman/CEO.

_____
Rebecca Mullins
Notary Public
Commission expires: 9/23/17

REBECCA MULLINS
Commission # 2042665
Notary Public - California
Los Angeles County
My Comm. Expires Sep 23, 2017

Approved as to form:

_____
Peter A. Stokes
Attorney for Defendants Imaging3, Inc.
and Dean Norman Janes

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On July 25, 2014, I caused to be served the document entitled **CONSENT OF DEFENDANTS IMAGING3, INC. AND DEAN NORMAN JANES TO ENTRY OF JUDGMENT** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 25, 2014                             */s/ David J. Van Havermaat*
                                                David J. Van Havermaat

1

**SEC v. Imaging3, Inc. and Dean Norman Janes**
**United States District Court - Central District of California**
**Case No. 2:13-cv-04616-GAF-AJW**

MASTER SERVICE LIST

Peter A. Stokes, Esq. **(served via CM/ECF)**
Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Email:  peter.stokes@nortonrosefulbright.com
*Attorney for Defendants Imaging3, Inc. and Dean Norman Janes*

Eric A. Herzog, Esq. **(served via CM/ECF)**
Fulbright & Jaworski LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071
Email:  eric.herzog@nortonrosefulbright.com
*Attorney for Defendants Imaging3, Inc. and Dean Norman Janes*